UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARY A. PARMELEE,

          Petitioner,

v.                                                    Case No. 5:05-cv-401-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and is proceeding pursuant to an Amended Petition (Doc. 6). The Petition stems from Petitioner's 2003 Marion County guilty plea to lewd and lascivious molestation of a child under 12 and sexual battery of a child under 16, for which he received concurrent sentences of 130 months' imprisonment followed by 10 years of sex offender probation. The Respondents have filed a Response (Doc. 8), and Petitioner has replied to the Response (Doc. 9). Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply, the Court concludes that the Petition must be denied.[1]

## **Background**

Petitioner was represented by retained counsel in the trial court. At the

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

change-of-plea hearing on June 30, 2003, Petitioner stated that he understood the terms of his plea. App. B at 2. Petitioner confirmed that he was 30 years old, had completed high school, could read and write, had never been adjudicated incompetent, and was not taking any medication at the time of the plea. Id. at 3. Petitioner stated that his lawyer had explained the Waiver of Rights form signed by Petitioner. Id. Petitioner, through counsel, stipulated that the victims' depositions provided a factual basis for his guilty plea. Id. at 4. Petitioner confirmed that his plea was freely and voluntarily entered, that he was satisfied with his lawyer's services, and that he had no questions concerning his plea. Id. at 4-5.

Petitioner did not seek direct review of his conviction or sentences. In December 2003, Petitioner filed a postconviction motion pursuant to Fla. R. Crim. P. 3.850, alleging three grounds for relief: (1) his plea was involuntary because he would not have pled guilty but for a "well founded fear" that his counsel was unprepared for trial; (2) his plea was not knowing and voluntary because he did not fully understand that he was giving up his right to appeal; and (3) his counsel rendered ineffective assistance because he failed to investigate the victims' alleged history of making false allegations of abuse and failed to request psychological evaluations of the victims. App. C.

The trial court conducted an evidentiary hearing on Petitioner's motion, at which Petitioner was represented by appointed counsel. App. A. Petitioner's trial counsel, Ed Tilton, testified that he had practiced criminal law since 1990 and that

2

approximately half of his cases were sex-related. Id. at 7-8. Mr. Tilton testified that his representation of Petitioner included successfully representing him at a bond hearing, having Petitioner examined by a psychologist, obtaining complete discovery from the Marion County Sheriff's office, and taking the depositions of the victims. Id. at 8-10. Mr. Tilton testified that he saw no indicators of mental illness in the victims, although the victims were reluctant and seemed depressed. Id. at 10-11. Mr. Tilton testified that although the victims were reluctant, they were forthright and composed in giving deposition testimony and that he deemed their testimony to be "compelling" and "truth oriented." Id. at 11. Mr. Tilton testified that he discussed the victims' credibility many times with Petitioner over the year and a half that his case was pending, and told Petitioner "that he couldn't beat these two girls." Id. at 11-12.

Mr. Tilton testified that he negotiated a plea agreement with the State in which the State initially proposed a sentence of 144 months but ultimately agreed to a lower sentence; Petitioner was facing a potential 30-year sentence. Id. at 12, 15. Mr. Tilton testified that he sought to withdraw from the case at one point because of Petitioner's non-cooperation in failing to show up for a court date. Id. at 13.

Mr. Tilton testified that on the day of the change-of-plea hearing, he told Petitioner and Petitioner's mother that he was facing a 30-year sentence and that Tilton had negotiated a 130-month sentence. Id. at 16. Mr. Tilton discussed the terms of the plea with Petitioner, and went over the waiver of rights form with him; Petitioner signed the form in Tilton's presence. Id. Mr. Tilton testified that he

3

believed he had discussed with Petitioner that he was waiving his right to appeal, and that he went over each paragraph of the waiver. Id. at 17. Petitioner did not have any questions about the form. Id. Petitioner never confronted Tilton and said that Tilton had not done a good job, nor did Petitioner ever complain that he did not think that Tilton was prepared for trial. Id. at 18. Mr. Tilton testified that Petitioner never requested that he seek psychiatric evaluation of the victims. Id. at 19. Mr. Tilton felt that he was prepared to go forward with trial and that there was nothing more he should have done because "[t]he strength of the case was those two girls. We deposed them long enough to get the feeling for that." Id. at 19.

The trial court recessed the hearing so that Petitioner could confer with his appointed counsel, Mr. Bartholdi. Id. at 21-22. Upon resuming the hearing, Mr. Bartholdi told the court that Petitioner had wanted his trial counsel to investigate witnesses who would say that the victims were sexually active. Id. at 22. Under the court's questioning, Mr. Tilton stated that he did not depose additional witnesses because he felt that the two victims were the crux of the case. Id. at 23. The prosecutor noted that he had listed 11 potential witnesses for the State. Id. at 26-27. Mr. Tilton stated that he did not depose any of the other listed witnesses because "[t]he crux of this case is these two girls. They were so compelling, Judge." Id. at 27-28. Tilton testified that he showed Petitioner the victims' videotaped depositions, and also gave him his psychological evaluation. Id. at 28. Tilton stated "[t]he record speaks for itself, Judge. Bond hearing, a half dozen continuances, psychological

4

evaluations, negotiated plea on different multiple occasions, motion to withdraw due to the defendant's behavior. Then on top of that is the videotape depositions. And everything with an accurate score sheet, ready to go to trial at any time." Id. Mr. Tilton testified that Petitioner's psychological evaluation provided strong mitigating evidence concerning Petitioner's childhood, which "had everything to do with" the State's plea offer of a 130-month sentence. Id. at 29.

At the conclusion of the hearing, the court denied Petitioner's motion. Id. at 33. Petitioner's appointed counsel filed an appeal, raising one issue for appellate review: that the trial court erred in denying Petitioner's postconviction motion because Petitioner's trial counsel rendered ineffective assistance by failing to conduct a reasonable investigation in preparation for trial. App. E. Specifically, Petitioner argued that his trial counsel could have challenged the credibility of the victims and should have interviewed two witnesses identified by Petitioner who could have testified, for purposes of impeaching the victims' testimony, that the victims were "sexually active". See id. Petitioner argued that In the face of such alleged lack of preparation, he elected to enter a guilty plea. Id. The appellate court summarily affirmed. App. H. Petitioner subsequently unsuccessfully sought to have his sentence reduced or modified in the trial court. See Doc. 9, Exh. I.

Petitioner filed the instant habeas petition asserting three grounds for relief: (1) his trial counsel rendered ineffective assistance by failing to adequately prepare for trial, and Petitioner would have proceeded to trial had counsel been prepared; (2)

his trial counsel was ineffective because he retaliated against Petitioner and became adversary to Petitioner when Petitioner contacted another law firm; and (3) his trial counsel was ineffective for failing to explain that Petitioner was waiving his right to appeal his conviction.  Doc. 6.  The Respondent concedes that the Petition is timely.  Doc. 8.

## **Exhaustion of State Remedies**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2]  This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[3] Petitioners' pro se status does not alone amount to good cause.[4]

A petition for writ of habeas corpus should not be entertained unless the

---

[2] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

[4] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

6

Petitioner has first exhausted his state remedies.[5] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.[6] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[7] The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[8] A full and fair opportunity involves the proper presentation of the federal constitutional claim.[9] Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[10]

Respondent contends that Petitioner's grounds (2) and (3), are unexhausted and procedurally barred because Petitioner failed to raise them in the appeal from the denial of his Rule 3.850 motion, in accordance with Fla. R. App. P. 9.141(b). Doc. 8. Petitioner does not dispute this argument. See Doc. 9 (reply). Upon review of the record, the Court agrees that Petitioner did not exhaust such claims

---

[5] Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).

[6] Picard v. Connor, 404 U.S. 270, 277 (1971).

[7] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[8] Id.

[9] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[10] Coleman v. Thompson, 501 U.S. 722, 729-30, *reh'g denied*, 501 U.S. 1277 (1991).

because he failed to raise them in the state appellate court. Further, Petitioner has procedurally defaulted such claims for purposes of federal habeas review because even if he returned to state court to exhaust his claims, he would now be time-barred from pursuing them in federal court due to the one-year federal limitations period. See 28 U.S.C. § 2244. Accordingly, the Court concludes that the only claim preserved for review in this case is Petitioner's claim that his counsel rendered ineffective assistance by failing to conduct a reasonable investigation in preparation for trial.

## Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[11] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[12] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[13]

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable

---

[11] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[12] See 28 U.S.C. § 2254(d)(1).

[13] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

8

determination of the facts in light of the evidence presented in the state court proceeding.[14] The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[15] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[16]

## **Ineffective Assistance of Counsel**

In order to demonstrate that counsel rendered ineffective assistance, Petitioner must show that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense.[17] In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[18] Moreover, "the representations of the defendant [at the plea hearing], as well as any findings by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong

---

[14] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[15] See 28 U.S.C. § 2254(e)(1).

[16] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[17] Strickland v. Washington, 466 U.S. 668 (1984).

[18] Hill v. Lockhart, 474 U.S. 52, 59 (1985).

9

presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[19]

Petitioner contends that his trial counsel's investigation and preparation for trial was deficient because counsel failed to investigate or prepare a defense asserting "fabrication" by the victims, based on previous allegations of sexual abuse by the victims which, according to Petitioner, were false. Doc. 6 at 6; Doc. 9 at 8. Petitioner contends that the victims' biological father was tried and acquitted of similar charges. Id.

During Petitioner's change-of-plea hearing, the trial court specifically inquired whether there was a factual basis for Petitioner's guilty plea, and the parties' stipulated that the victims' depositions provided a factual basis. App. B at 4. Petitioner immediately thereafter affirmed that his plea was entered freely and voluntarily, and that he was satisfied with his counsel's performance. Id. Petitioner thus agreed in court that the victims' depositions were factually sufficient to support his guilty plea to having sexually molested them. See id. Such agreement, cloaked in a presumption of verity, constitutes a very high barrier indeed to his postconviction claim that he would not have pled guilty but for counsel's failure to investigate whether the victims' deposition testimony was fabricated. Petitioner's unsupported assertion that the testimony against him was subject to impeachment as a

---

[19] Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

fabrication is plainly insufficient to overcome that barrier.

Petitioner has failed to establish that he would not have pled guilty but for counsel's performance in representing Petitioner. Petitioner has thus failed to show that the state courts' rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, <u>Strickland</u>. Accordingly, Petitioner has not shown that he is entitled to federal habeas relief on this claim.

## **Conclusion**

For the foregoing reasons, the Petition is **DENIED**, and this case is dismissed with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

c:  Gary A. Parmelee
     Counsel of Record

11